FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ODELINDA PEREZ, RAUL SAUCEDO JR., LEONARDO SAUCEDO, ROBERT SANCHEZ, and J. JESUS VARGAS,<br><br>Plaintiffs,<br><br>v.<br><br>MERCER CANYONS, INC. and WAFLA,<br><br>Defendants. | No.   1:16-CV-03015-SMJ<br><br>**ORDER DENYING DEFENDANT MERCER CANYONS' MOTION TO DISMISS AND DEFENDANT WAFLA'S MOTION FOR SUMMARY JUDGMENT** |

## I.   INTRODUCTION

Defendant Mercer Canyons, Inc.'s recruitment and hiring of approximately 22 vineyard laborers from Mexico under the H-2A temporary agricultural worker program in 2013 is the subject of two actions filed in this District: *Ruiz Torres v. Mercer Canyons, Inc.*, No. 14-3032, filed in March 2014, and this case, filed in January 2016, ECF No. 1. Defendants Mercer Canyon and WAFLA request that the Court dismiss this case because it is duplicative of *Ruiz Torres*. Cases are duplicative where the causes of action and relief sought, as well as the parties or privies to the action, are the same. The plaintiffs here are class members in *Ruiz*,

ORDER **-** 1

No. 14-03032 (E.D. Wash. Dec. 23, 2016), and Mercer is a defendant in both actions, but the causes of action are not the same because they arise from fundamentally different facts. As discussed below, the *Ruiz* plaintiffs allege that Mercer failed to inform them of H-2A employment opportunities, whereas in this case, the Plaintiffs allege Mercer denied them H-2A employment in favor of foreign workers. Accordingly, Defendant Mercer Canyons' Motion to Dismiss and Defendant WAFLA's Motion for Summary Judgment are denied.

## II. BACKGROUND

The H-2A temporary worker program enables domestic employers to hire foreign workers to fill temporary agricultural jobs. 8 U.S.C. §1188; *Ruiz Torres v. Mercer Canyons, Inc.*, 305 F.R.D. 646, 649 (E.D. Wash. 2015). An employer seeking to hire under the H-2A program must first submit a proposed clearance order for review by the State Workforce Agency (in Washington State, the Employment Security Department (ESD)). 20 C.F.R. § 653.501. After the workforce agency accepts a clearance order, the employer may file an application for H-2A certification along with a copy of the clearance order approved by the workforce agency. See 20 C.F.R. § 655.130. A petition to hire foreign workers may be approved only if there are not sufficient local workers available and the foreign workers will not adversely affect the wages and working conditions of workers in the United States. 8 U.S.C. § 1188; 20 C.F.R. § 655.100. The H-2A regulations

ORDER **-** 2

impose an affirmative duty on employers and the state workforce agency to recruit local employees. *See* 20 C.F.R. 653.501(a).

Defendant Mercer Canyons hired Defendant WAFLA to advise it regarding the H-2A program. ECF No. 2 at 5. In January 2013, WAFLA filed a clearance order with ESD on Mercer's behalf seeking authorization to hire workers for vineyard labor. ECF No. 2 at 5. ESD accepted the clearance order, which provided that workers would be employed from March 24, 2013, through September 1, 2013, at $12.00 per hour, and assured that Mercer would comply with the regulations governing the H-2A program. ECF No. 2 at 5–6. WAFLA recruited and hired approximately 22 H-2A workers from Mexico who began working at Mercer as vineyard laborers in May 2013 and who continued working full time for Mercer until September 2013. ECF No. 2 at 11.

### A.   *Ruiz Torres v. Mercer Canyons*

On March 14, 2014, plaintiff Bacilio Ruiz Torres and Jose Amador filed a complaint against Mercer Canyons on behalf of a putative class of similarly situated individuals (collectively "the Ruiz Plaintiffs"). *Ruiz Torres*, No. 14-3032 (E.D. Wash. Mar. 14, 2014) (hereinafter "*Ruiz* Complaint"). *Ruiz* is currently pending in this District before Judge Stanley A. Bastian. The *Ruiz* plaintiffs make the following allegations:

ORDER **-** 3

Plaintiff Amador drove to Mercer Canyons' offices on March 19, 2013, to ask for work. *Id.* at 5. A Mercer employee told him that no work was available, and he was never informed that work was available as a vineyard laborer pursuant to the H-2A clearance order. *Id.* at 5–6.

Plaintiff Ruiz Torres worked as a vineyard laborer at Mercer Canyons in 2012. *Id.* at 6. Mercer Canyons did not solicit Ruiz's return to work as a vineyard laborer pursuant to the H-2A clearance order that paid $12 per hour. *Id.* Ruiz did return to work at Mercer in 2013 as a vineyard laborer, but he was paid only $9.88 per hour. *Id.*

The Ruiz plaintiffs sought certification of a class of "deceived workers" including farm workers who: "1) were employed by Mercer Canyons in 2012; 2) sought employment at Mercer Canyons in 2013 before fifty percent of the Clearance Order period elapsed; or, 3) were hired at Mercer Canyons in 2013 prior to fifty percent of the Clearance Order period and were not referred by WorkSource." *Id.* at 7. The Ruiz Complaint alleges two causes of action on behalf of this class: First, that Mercer Canyon's practice of making misleading representations concerning the terms, conditions, and existence of employment, and failure to inform local farm workers about the availability of work under the H-2A clearance order, violated provisions of the Agricultural Workers Protection Act (AWPA). *Id.* at 11. Second,

that the same conduct amounted to an unfair or deceptive practice, in violation of Washington's Consumer Protection Act (CPA). *Id.* at 11–12

Plaintiff Ruiz sought certification of an additional sub-class "consisting of all non H-2A farm workers who were hired at Mercer Canyons in 2013 and who were not paid $12 an hour for all corresponding work performed under the 2013 Clearance Order." *Id.* The Ruiz Complaint alleges that Mercer's failure to pay $12 per hour to local vineyard workers violated provisions of (1) the AWPA; (2) the CPA; and (3) Washington wage law. *Id.* at 12.

On April 8, 2015, Judge Bastian certified a class including:

> All domestic migrant and seasonal farm workers who: 1) were employed as vineyard workers by Mercer Canyons in 2012; 2) sought employment at Mercer Canyons in 2013 between February 4 and June 15, 2013; or 3) performed vineyard work at Mercer Canyons between March 24 and September 15, 2013, and were not referred by WorkSource.

*Ruiz Torres*, 305 F.R.D. at 655. Judge Bastian also certified the requested subclass, including: "All domestic and seasonal farm workers who performed vineyard work between March 24 and September 15, 2013 for Mercer Canyons, were paid less than $12 per hour, and were not referred by WorkSource." *Id.*

On December 23, 2016, Judge Bastian denied a request by the plaintiffs in this case to be excluded from the class in *Ruiz*. No. 14-03032, ECF No. 223 (E.D. Wash. Dec. 23, 2016).

ORDER **-** 5

**B.     This action**

Plaintiffs filed this action against Mercer Canyons, Inc. and WAFLA on January 28, 2016, and filed a first amended complaint on March 4, 2016. ECF No. 1; ECF No. 2. Plaintiffs make the following allegations:

Plaintiffs were residents of Yakima County and applied for work with Mercer prior to the start date of the clearance order. ECF No. 2 at 2–3, 6. Plaintiffs were qualified U.S. workers with previous experience in seasonal agricultural work and were referred by ESD to Mercer and WAFLA after being screened for eligibility for the job described in the clearance order. *Id.* at 6.

Two of the plaintiffs, Raul and Leonardo Saucedo, called WAFLA multiple times as instructed by ESD and ultimately drove to Mercer's offices for what they were told would be an orientation. *Id.* at 7. At Mercer's offices they filled out paperwork and were interviewed and told that they would be called back with a start date and for drug screening. *Id.* In reliance on Mercer's actions, these plaintiffs did not look for other employment. *Id.* One month later, they received a letter stating that they had not been chosen for a job with Mercer. *Id.*

Two other plaintiffs, Robert Sanchez and Jesus Vargas, first answered questions about their qualifications over the phone and then were instructed to go to Mercer's offices for an interview. *Id.* at 8. At Mercer's offices they filled out paperwork and interviewed, and were told to wait for a call. *Id.* Neither Sanchez

nor Vargas received a call, and when they called to follow up, they were each told that Mercer had already completed hiring. *Id.* at 8–9.

Another plaintiff, Odelinda Perez, received a call to interview at Mercer. *Id.* at 8. She drove to Mercer, where she completed paperwork, interviewed, and was told she would be scheduled for a drug test. *Id.* Perez was later called and told that she was not hired because she lacked specific work experience. *Id.*

Plaintiffs allege that they all reasonably understood that they had been hired by Mercer, and that they were prepared, qualified, and available to perform the work specified in the clearance order. *Id.* at 9–10. They allege that WAFLA and Mercer falsely reported that each of them was either unqualified or unavailable for hire on the clearance order. *Id.* at 10.

Plaintiffs allege that Mercer and WAFLA's deceptive recruiting practices and failure to employ them, despite their application as qualifying local workers, (1) violated provisions of the AWPA; (2) violated Washington's CPA; (3) constituted breach of contract; and (4) constituted negligent misrepresentation. *Id.* at 12–14

### III. DISCUSSION

Defendants argue that this case is duplicative of *Ruiz Torres*. ECF No. 9 at 1–2; ECF No. 16 at 2–4. The test for whether a suit is duplicative is the same as the test for claim preclusion. *Adams v. California Dep't of Health Servs.*, 487 F.3d

ORDER - 7

684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). A court must consider "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. The determinative question here is whether the causes of action in this case and *Ruiz* are the same.

"To ascertain whether successive causes of action are the same, [courts] use the transaction test, developed in the context of claim preclusion." *Id.* (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)). Under this test, courts examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Circ. 1982)). The final factor is the most important and may be dispositive in itself. *Constantini*, 681 F.2d at 1202.

Mercer Canyons and WAFLA argue that *Ruiz* and this action share a common transactional nucleus of fact. ECF No. 9 at 14; ECF No. 16 at 9–11. Mercer points out that both cases challenge Mercer's administration of the H-2A work program and allege deceptive conduct. ECF No. 9 at 14; ECF No. 16 at 9. Mercer argues that the only differences between the two cases are that the

ORDER **-** 8

plaintiffs in this case (1) allege they were screened for H-2A work by ESD or WAFLA before they visited Mercer Canyons and (2) add breach of contract and negligent misrepresentation claims. ECF No. 9 at 14. Defendants are correct that the claims in *Ruiz* and this case both challenge Mercer's recruiting and hiring under the H-2A program, but the differences are more fundamental than Defendants suggest.

The causes of action in this case do not arise from the same transactional nucleus of facts as the causes of action in *Ruiz*. In *Ruiz*, the plaintiffs sought or obtained work with Mercer, and were either not hired or were paid less than the H-2A workers. *Ruiz* Complaint at 5–6. The *Ruiz* plaintiffs were never informed that $12 per hour vineyard work was available pursuant to the H-2A clearance order. *Id.* Here, by contrast, each of the plaintiffs allegedly interviewed and filled out employment paperwork and expected he or she would be offered $12 per hour vineyard jobs at Mercer. ECF No. 2 at 7–10. In other words, the operative facts in *Ruiz* involve Mercer's alleged failure to inform the plaintiffs of H-2A employment opportunities, whereas in this case the operative facts involve Mercer's alleged denial of H-2A employment to the plaintiffs in favor of foreign workers.

Because the claims in this case and *Ruiz* do not arise from a common transactional nucleus of fact, the causes of action are not the same. It is unnecessary to consider the additional transaction-test factors. However, it is

ORDER - 9

important to note that the other factors also militate against dismissing this action. First (second transaction factor), while much of the same evidence will be relevant in both actions, specific evidence concerning Mercer's hiring process and motivation for not hiring applicants it had interviewed may be important in this case and not in *Ruiz*. Second (third transaction factor), while some of the same rights are implicated in both *Ruiz* and this case, the primary rights allegedly infringed differ. In *Ruiz* the plaintiffs allege they were denied their rights to be informed of H-2A opportunities and to be paid the same wage as foreign H-2A workers. The plaintiffs here allege that they were denied their right to be hired instead of foreign workers. Finally (first transaction factor), because of the differences in these cases, there is relatively little risk of inconsistent determinations of the parties rights and obligations. And to the extent identical or similar legal or factual questions arise in both cases, the parties may inform the Court when such issues are pending or have been decided in either case.

## IV.   CONCLUSION

Because the claims in this case are factually and legally distinct from claims raised in *Ruiz Torres v. Mercer Canyons, Inc.*, the cases are not duplicative.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Mercer Canyons, Inc.'s Motion to Dismiss, **ECF No. 9**, is **DENIED**.

ORDER **-** 10

**2.** Defendant WAFLA's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

**3.** Hearing on these motions, set for Friday, January 6, 2017, at 2:00 p.m., is **VACATED**.

**4.** The parties' Stipulated Motion to Continue January 6, 2017 Hearing, **ECF No. 61**, and related Motion to Expedite, **ECF No. 62**, are **DENIED** as moot.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of January 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge