FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ODELINDA PEREZ, RAUL SAUCEDO JR., LEONARDO SAUCEDO, ROBERT SANCHEZ, and J. JESUS VARGAS,<br><br>Plaintiffs,<br><br>v.<br><br>MERCER CANYONS, INC. and WAFLA,<br><br>Defendants. | No.  1:16-CV-3015-SMJ<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to FRCP 26(c) and the stipulation of the parties, the Court hereby **GRANTS** the parties' Stipulated Motion for Discovery Protective Order, **ECF No. 73**, and enters the following Protective Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. <u>Confidential Matter</u>

    a.    As used herein, "Confidential Matter" shall mean any document, information, or specific portions thereof, furnished in the course of litigation—during discovery or otherwise—that is both (1) so designated by a party

ORDER - 1

as "Confidential" pursuant to subsection 1(b) below, and (2) that contains the following:

   i. Non-public and private, personal information, including documents containing personal financial information, medical information, or contact information; or

   ii. Confidential and proprietary business information that provides the party with a business advantage over its competitors. To the extent that documents relate to matters that Defendant takes significant steps to protect in its daily operations, such as through the use of non-disclosure and confidentiality agreements with its employees (if any) such information can be designated as confidential. The determination of whether produced material is Confidential shall be made in the first instance by the party from whom discovery is sought. Each party that designates information or documents for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify as confidential, so that other portions of the material, documents, items, or communication for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

ORDER **-** 2

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose expose the designating party to sanctions. The protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through litigation or otherwise.

Notwithstanding the above, Defendant Mercer Canyons may, in the first instance, designate as Confidential any document produced and designated as confidential in Ruiz v. Mercer Canyons, Inc., 1:14-cv-03032-SAB (E.D. Wash.). Designation of a document as Confidential in Ruiz shall not be conclusive as to the appropriate status of the document; any such designation shall be subject to the same procedure, set forth below, for challenging Confidential designations as is applicable to other documents designated as Confidential, except that designating as Confidential any document produced and designated as confidential in Ruiz shall not subject Mercer to any sanctions under this Order.

If there is a disagreement between the parties as to whether particular produced materials have been properly designated as Confidential, the dispute may be resolved by the Court as provided for in this Order.

    b.    All documents, information, or things deemed Confidential Matter by a party shall be marked or stamped as "Confidential."

c. Any documents or information not designated as "Confidential" shall be excluded from this Order, provided, however, that inadvertent production of any document or information without a "Confidential" designation shall not by itself be deemed a waiver of confidentiality as to such matter, and a party thereafter may designate the same as "Confidential" promptly upon being advised of or discovering the inadvertent disclosure. Disclosure by any party of such matter prior to notice of the confidential nature thereof shall not be deemed a violation of this Order.

d. Except as expressly provided for in this Order, Confidential Matter and any information contained therein shall not be communicated or disclosed in any manner, directly or indirectly, to any person or entity, and may be used only for the prosecution or defense of this litigation and for no other purpose.

2. <u>Permitted Disclosure of Confidential Matter</u>

a. Confidential Matter may be disclosed to any party, to counsel for any party, and to other counsel and support staff assisting counsel in the conduct of this action. Confidential Matter may also be disclosed to the Court, Court personnel, and court reporters used in this litigation. Nothing in this Order shall limit or prevent the use of any Confidential Matter in open court at hearings in, or during trial of, this action, provided, however, that such use shall not relieve the

parties of their obligations to seek to file Confidential Matter under seal when called for by this Order.

      b.    Confidential Matter may be disclosed in good faith to third party experts and consultants retained by a party to assist in preparation, settlement, trial, or appeal of this action. Confidential Matter may also be disclosed to persons whose depositions are noted or potential trial witnesses, as well as their counsel, only to the extent counsel for the disclosing party determines in good faith that it is reasonably necessary to do so. Prior to the disclosure of any Confidential Matter to any permitted third party, the person to whom the disclosure is to be made shall agree in writing, or on the record in the case of a deposition, to be bound by the terms of this Order by, respectively, (1) signing an agreement in the form of Attachment A hereto or (2) making a representation on the deposition record.

      c.    Confidential Matter may also be disclosed to any other person upon written consent by the designating party.

    3.    <u>Use in Depositions</u>

A party may, either during a deposition or within thirty (30) days after receiving the deposition transcript, designate portions of that transcript, and exhibits thereto not already designated confidential, as "Confidential." Confidential Matter within the deposition transcript may be designated by underlining the portions of

the pages that are confidential and marking such pages with substantially the following legend: "Confidential—subject to protection pursuant to court order."

4.  Use in Briefs, Exhibits, Testimony, and Other Documents

The parties are free to designate any document not filed with the Court as "Confidential" and limit its dissemination and use. However, there is a strong presumption of public access to any document filed with the Court. Any party including documents, transcripts, or any other paper containing any Confidential Matter with any pleading, motion, deposition transcript, or other paper filed with the Clerk of this Court shall, at that party's option, either

(a)  provide five court days advance written notice to the designating party of the intent to submit Confidential Matter, identifying the specific Confidential Matter to be filed and the date of the filing, so that the designating party may file a motion to seal; if the designating party so moves on or before the date of filing, then the filing party shall redact Confidential Matter from his or its public court filing (with an unredacted bench copy provided to chambers) or, if necessary, file documents containing Confidential Matter under seal; or

(b)  file a separate motion or stipulation seeking an order from the Court permitting the Confidential Matter to be filed under seal, so that the Court may make particular findings justifying the limitation on public access as may be appropriate.

The burden is on the party proposing that a document be sealed to provide the needed information so that the Court can determine whether all, a portion, or none of the document may be filed under seal. Court findings and conclusions reflecting the same and authorizing any sealing or redaction must also be filed.

5. Confidentiality Challenge

If a party challenges the confidential designation of any document or information, it shall so notify the designating party in writing and provide that party five (5) court days in which to consider the challenge. The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential Matter. If the matter has not been resolved, the party advocating confidentiality must move for such protection under Rule 26(c) within ten (10) court days from the notification of the challenge, or the designation shall be deemed abandoned.

6. Termination

After the termination of this action, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Matter has been disclosed or communicated.

7. <u>Modification</u>

This Order may be modified in the event that the parties agree in writing to a modification of the provisions hereof or such modification is ordered by this Court. No party shall be prejudiced by having stipulated to this Order.

8. <u>Remedies</u>

The parties expressly acknowledge and agree that all remedies under CR 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

9. <u>Scope of Protective Order</u>

Nothing in this Order restricts any party from using or disclosing its own confidential information for any purpose. If a designating party files Confidential Matter, not under seal and without redaction, its designation shall be deemed abandoned. Entry of this Order does not foreclose further agreements by the parties to keep such documents, information, or things confidential or to apply to the Court for protection of other documents, information, or things.

10. <u>Retention of Jurisdiction</u>

The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action and after this action is terminated for the purpose of enforcing this Order.

ORDER **-** 8

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of March 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 9

## ATTACHMENT A

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the matter of *Odelinda Perez, Raul Saucedo Jr., Leonardo Saucedo, Robert Sanchez, and J. Jesus Vargas v. Mercer Canyons, Inc and WAFLA,* in the United States District Court Eastern District of Washington, No. 1:16-cv-03015-SMJ. I have read and agree to be bound by all of the provisions of the Stipulated Protective Order. I agree (a) not to divulge any Confidential Matter to any other person; and (b) not to use any Confidential Matter for any purpose other than this litigation. In addition, I consent to the jurisdiction and contempt power of United States District Court Eastern District of Washington with respect to the enforcement of the Stipulated Protective Order.

DATED: _____.

_____
Signature

_____
Print Name